IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LASHINKA DAMON<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., a foreign legal entity, US BANK N.A., d/b/a ELAN FINANCIAL SERVICES, a foreign legal entity, TD BANK USA, N.A., a foreign legal entity<br><br>Defendant. | JURY TRIAL DEMANDED<br><br>CASE NO. |

## COMPLAINT

### JURISDICTION AND THE PARTIES

1.

This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

2.

Venue is proper in the District of Connecticut, pursuant to 28 U.S.C. § 1391(c)(1) in that Plaintiff Lashinka Damon resides in Waterbury, Connecticut, and Defendants Experian Information Solutions, Inc., Elan Financial Services, and TD Bank USA, N.A., do sufficient business in this District to subject them to personal jurisdiction herein pursuant to 28 U.S.C. § 1391(b)(2). Venue is also proper because a substantial part of the events giving rise to the claims occurred in this District. 28 U.S.C. § 1391(b)(2).

3.

Plaintiff Lashinka Damon ("Plaintiff") is a natural person residing in Waterbury, Connecticut. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a.

4.

Experian Information Solutions, Inc. ("Experian") is a foreign corporation doing business in the State of Connecticut. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a.

5.

Elan Financial Services ("Elan") is a foreign business entity doing business in the State of Connecticut. Elan is a furnisher of information as defined by 15 U.S.C. § 1681.

6.

TD Bank USA, N.A. ("TD Bank") is a foreign business entity doing business in the State of Connecticut. TD Bank is a furnisher of information as defined by 15 U.S.C. § 1681.

**FACTUAL ALLEGATIONS**

7.

On or around 2015, Plaintiff learned she was a victim of identity theft. At that time, she filed a police report and disputed to creditors. In early 2019, when applying for a student loan, plaintiff discovered 15 delinquent credit accounts on her credit file that did not belong to her. The accounts were associated with a Lampson St., Waterbury, Connecticut address that she never lived at. Plaintiff filed another police report on March 19, 2019 and began disputing the false credit accounts appearing on her credit file to all three credit bureaus and to the various creditors holding the false accounts.

8.

In summer 2019, Plaintiff disputed the Lampson St. address to Experian, along with the fraudulently created accounts. Upon information and belief, Experian transmitted the dispute to Elan and TD Bank. Experian falsely verified Elan, account no. *******0149**** with a balance

of $6781, and TD Bank account no. *******0071**** with a balance of $14,915, in July 2019. In August 2019, Experian deleted a number of fraudulent accounts from plaintiff's credit file, after deleting the Lampson St. address from her credit file. Plaintiff believed the issue was resolved when the fraudulent address was removed from her credit file.

9.

In early 2022, upon finding fraudulent accounts still on her Experian credit file, and finding the Lampson St. address back on her report, plaintiff again disputed online to Experian. In February and March, Experian twice falsely verified the Elan and TD Bank accounts reporting as accurate. At that time, Experian also falsely verified the Lampson St. address as belonging to plaintiff. Plaintiff again disputed all accounts connected to the Lampson St. address to Experian on May 20, 2022. The Elan and TD Bank accounts continued to appear on her June 29, 2022 Experian credit file, and the Lampson St. address continued to appear as her prior address. On July 13, 2022, Plaintiff disputed all accounts connected to the Lampson St. address. Upon information and belief, Experian transmitted the dispute to Elan and TD Bank, who falsely verified the accounts as accurate. Results of Investigation from Experian, dated August 10, 2022, falsely verified the Elan and TD Bank accounts specifically, and continued to show the Lampson St. address as a prior address of Plaintiff.

10.

On July 15, 2019, TD Bank initiated a lawsuit against Plaintiff for collection of one of the fraudulently incurred accounts, account no. ************9704, balance $14,915.74. Plaintiff filed an Answer stating "I was a victim of ID theft. I did not open this account." In response to discovery requests, Plaintiff submitted an affidavit stating, among other relevant assertions, "I was a victim of identity theft… I did not open this account." With the affidavit, Plaintiff submitted her

police report and an FTC Fraud Affidavit submitted in October 2021. The lawsuit was withdrawn by TD Bank on June 3, 2022.

11.

As a result of this false reporting of fraudulent accounts on her Experian credit report, plaintiff was denied a Capital One credit card. The fraudulent accounts are the only derogatory accounts showing on plaintiff's June 2022 Experian credit file.

**CLAIMS FOR RELIEF**

**First Claim for Relief**

**Negligent Violation of the Fair Credit Reporting Act (Experian)**

**15 U.S.C. § 1681o**

12.

Plaintiff re-alleges and incorporates paragraphs 1 – 11.

13.

Experian negligently failed to comply with the requirements imposed under the Fair Credit Reporting Act ("FCRA"), including but not limited to:

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and

c) providing consumer reports to persons or businesses without a reasonable belief that such persons or businesses had a permissible purpose for obtaining plaintiff's consumer report, in violation of 15 U.S.C. 1681b.

14.

As a result of Experian's violations of the FCRA, plaintiff has suffered and will continue

to suffer damages, including lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

15.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

## Second Claim for Relief

## Willful Violation of the Fair Credit Reporting Act (Experian)

## 15 U.S.C. § 1681n

16.

Plaintiff re-alleges and incorporates paragraphs 1 – 11.

17.

Experian willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and

c) providing consumer reports to persons or businesses without a reasonable belief that such persons or businesses had a permissible purpose for obtaining plaintiff's consumer report, in violation of 15 U.S.C. § 1681b.

18.

As a result of Experian's violations of the FCRA, plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, distress, frustration, embarrassment, and

humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

19.

Plaintiff is entitled to punitive damages, in an amount to be determined by the jury.

20.

Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681n(a).

### Third Claim for Relief

### Negligent Violation of the Fair Credit Reporting Act (Elan and TD Bank)

### 15 U.S.C. § 1681o

21.

Plaintiff re-alleges and incorporates paragraphs 1 – 11.

22.

Elan and TD Bank negligently failed to comply with the requirements imposed under the FCRA, including but not limited to failing to comply with the requirements in 15 U.S.C. § 1681s-2(b).

23.

As a result of Elan and TD Bank's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation.  Plaintiff is entitled to actual damages in an amount to be determined by the jury.

24.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

### Fourth Claim for Relief

### Willful Violation of the Fair Credit Reporting Act (Elan and TD Bank)

**15 U.S.C. § 1681n**

25.

Plaintiff re-alleges and incorporates paragraphs 1 – 11.

26.

Elan and TD Bank willfully failed to comply with the requirements imposed under the FCRA, including but not limited to failing to comply with the requirements in 15 U.S.C. § 1681s-2(b).

27.

As a result of Elan and TD Bank's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

28.

Plaintiff is entitled to punitive damages, in an amount to be determined by the jury.

29.

Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681n(a).

**JURY TRIAL DEMAND**

30.

Plaintiff is entitled to and so respectfully demands a trial by jury.

**PRAYER FOR RELIEF**

31.

WHEREFORE, plaintiff prays that judgment be entered against defendants as follows:

1. On Plaintiff's First Claim for Relief:

    A. Actual damages;

    B. Attorney fees and costs;

2. On Plaintiff's Second Claim for Relief:

    A. Actual damages;

    B. Punitive damages;

    C. Attorney fees and costs;

3. On Plaintiff's Third Claim for Relief:

    A. Actual damages;

    B. Attorney fees and costs;

4. On Plaintiff's Fourth Claim for Relief:

    A. Actual damages;

    B. Punitive damages;

    C. Attorney fees and costs.

DATED this 18th day of April, 2023.

                                                                               THE PLAINTIFF

                                                                               BY____/Joanne S. Faulkner_____
                                                                               JOANNE S. FAULKNER ct04137
                                                                               123 Avon Street
                                                                               New Haven, CT 06511-2422
                                                                               (203) 772-0395
                                                                               faulknerlawoffice@snet.net